Lettie **CHERRY** and Arthur Cherry, Administrator of the Estate of James F. Cherry, Deceased; and Lettie Cherry as parent and natural guardian of William Cherry, a minor, and Lettie Cherry and Arthur Cherry, Administrator of the Estate of James F. Cherry, Deceased, in their own right

v.

**CITY OF PHILADELPHIA,**

v.

**Luish LONDON, Appellant.**

**No. 13430.**

United States Court of Appeals Third Circuit.

Argued May 25, 1961.

Decided June 21, 1961.

---

———◆———

A. Leon Higginbotham, Jr., Philadelphia, Pa. (Norris, Green, Harris & Higginbotham, Philadelphia, Pa., and William H. Brown, III, Philadelphia, Pa., on the brief), for third party defendant-appellant.

Richard K. Masterson, Philadelphia, Pa. (David Berger, City Solicitor, Philadelphia, Pa., on the brief), third-party-plaintiff-appellee, City of Philadelphia.

Before GOODRICH, McLAUGHLIN and FORMAN, Circuit Judges.

PER CURIAM.

This case arose out of an automobile collision on the Industrial Highway in Philadelphia. A truck owned by the City of Philadelphia hit a passenger car driven by Luish London. London was brought in as a third-party defendant by the City. Settlement has been made with the original plaintiff who is now out of the case. The present litigation is a suit for contribution by the City against London. The City won a verdict and judgment was entered thereon.

London complains of a charge by the trial court to the jury which had been several hours in discussion of the case but had not reached a verdict. The judge exhorted them rather strongly to try, if they possibly could, to come to an agreement. Then he told them to go back in the jury room and take the photographs with them. The photographs showed a view of the scene of the accident and pictures of the two vehicles involved in the collision. The appellant complained that the trial judge's emphasis on the photographs distorted the presentation of the case to the jury.

There was no reversible error. The first charge given to the jury was rendered in considerable detail since the jury was a new one and the trial judge endeavored to explain to that body what the function of the jury is. This charge should be read in connection with the extemporaneous remarks given when the jury was before the judge the second time. While there is some repetition of the fact that the jury had the pictures to look at we think that, on the whole, the case was fairly before them.

The point is also made by the appellant that negligence and proximate cause requirements were not met. We disagree. This part of the case was clearly within the jury's responsibility.

The judgment of the district court will be affirmed.